## THE INHABITANTS OF FREEPORT *versus* THE INHABITANTS OF SIDNEY.

The occupant of an estate of which he has a freehold, for the term of three years successively, of the clear yearly income of ten dollars, does not thereby acquire a settlement under the Massachusetts settlement act, St. 1793, c. 34, if, during the time, he has received relief from the town as a pauper.

The yearly income, under that statute, is to be ascertained by deducting all expenses to which it might necessarily and legally be subjected ; and must be valued as if the property had been subjected to taxation, when the forbearance to tax it had been on account of the poverty of the occupant.

THIS was a suit instituted to recover for supplies furnished to Lydia Day and her son, James Day.  It appeared that Lydia Day was a daughter of Benjamin Day, and the only settlement attempted to be proved was derived from her father.   Notice, and a denial of settlement, were admitted.

The plaintiffs, at the trial before SHEPLEY J., alleged that Benjamin Day acquired a settlement in Sidney by the fourth mode provided by the act of Massachusetts, passed February 11, 1794, by having an estate of inheritance or freehold in that town, and dwelling and having his home there, of the clear yearly income of three pounds, and taking the rents and profits thereof three years successively.   There was testimony intro-

duced by the defendants tending to prove that during some of the years while he held the estate, he had received small supplies as a pauper, and the jury were instructed that after the time when he first so received supplies, if he received them afterward, yearly, he could not be regarded as having an estate, and as taking the rents and profits of it, in the manner required by the statute.

There was testimony proving that during other and more than three successive years, he resided and took the profits of an estate; and that the same was not taxed in the town of Sidney during those years. And the plaintiffs contended that the yearly net income should be ascertained upon the basis that it was not subjected to taxation, and requested the Judge so to instruct the jury, but he declined, and instructed them that it was to be ascertained by deducting all expenses to which it might necessarily and legally be subjected. The jury found a verdict for the *defendants*, which was to be set aside, and a new trial granted, if these instructions or refusal to instruct were erroneous.

*Boutelle* and *Emmons* argued for the plaintiffs; and cited on the first point, *Andover* v. *Salem*, 3 Mass. R. 436; *Granby* v. *Amherst*, 7 Mass. R. 1; *Somerset* v. *Dighton*, 12 Mass R. 383. And on the second point, *Western* v. *Leicester*, 3 Pick. 198; *Groton* v. *Boxborough*, 6 Mass. R. 50.

*Vose*, argued for the defendants, and cited on the first point, *Brewster* v. *Dennis*, 21 Pick. 233; *East Sudbury* v. *Waltham*, 13 Mass. R. 460; *East Sudbury* v. *Sudbury*, 12 Pick. 1; *Beetham* v. *Lincoln*, 4 Shepl. 137. And on the second point, *Groton* v. *Boxborough*, 6 Mass. R. 50; *Western* v. *Leicester*, 3 Pick. 198; *Granby* v. *Amherst*, 7 Mass. R. 1; *Reading* v. *Tewksbury*, 2 Pick. 535.

The opinion of the Court was by

Whitman C. J. — The verdict taken in this case for the defendants is to be set aside, and a new trial granted, if the rulings of the Judge, at the trial, should be deemed incorrect. The first was, that a settlement under the statute of Massachu-

setts, passed on the eleventh of February, 1794, determining what should constitute a legal settlement, did not embrace the case of an occupant of an estate of freehold, for the term of three years, of the clear yearly income of ten dollars per annum, if, in the mean time, the occupant received support from the town as a pauper; and in this he is clearly supported by the opinion of the Court in the case of *Brewster* v. *Dennis*, 21 Pick. 233 ; and the case of *East Sudbury* v. *Sudbury*, 12 Pick. 1, is to the same effect, in a case quite analogous in principle.

The other point, supposed to be incorrectly ruled, was, that the estate of the clear yearly income of ten dollars per annum, must be valued as *if it had been subjected to taxation*, when the forbearance to tax it would seem to have been on account of the poverty of the occupant. And in this we think also, that the opinion of the Judge was unexceptionable. The legislature found it necessary to establish some uniform rule, as to what should, in this particular, be sufficient to gain a settlement. Any rule established in such case must, necessarily, be an arbitrary one. The design was to fix upon the the least quantum of estate a man should possess to entitle him to gain a settlement. To arrive at this result, and establish a sure guide, it was then deemed expedient to prescribe, that the estate should be of the clear annual income of ten dollars per annum. This mode of ascertaining the value of the estate was supposed to be the best that it was practicable to devise. It must have been predicated upon the supposition, that it would be subjected to the ordinary deductions from its productiveness, such as labor bestowed, dressing supplied, and taxes imposed upon it. In order that the test of value should be truly applied, these deductions would be indispensable. It would not be a fair criterion, if it might be affected by the forbearance, on account of the poverty of the occupant, to levy taxes upon it. The estate to the owner might be rendered productive, when otherwise it would not be so, if it were situated in a place, where his neighbors, relatives or friends, from motives of humanity or charity, were disposed to perform the labor upon

it, or furnish it with dressing gratuitously; and the forbearance to tax it, from the same consideration, would be similar in effect. The net income therefore must be taken after all such deductions are made. It is admitted, if the estate in question had been subjected to taxation, its net income would ' have been less than ten dollars per annum. We think, therefore, that judgment must be entered on the verdict.